IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. BLACK, | ) |
| | ) |
| Petitioner | ) Case No. 1:18-cv-00322 (Erie) |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| M. D. OVERMYER, | ) UNITED STATES MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF PENNSYLVANIA | ) |
| DISTRICT ATTORNEY OF | ) |
| ERIE COUNTY, PA, | ) MEMORANDUM OPINION AND |
| | ) ORDER ON PETITION FOR WRIT OF |
| | ) HABEAS CORPUS (ECF No. 4) |
| Respondents | ) |

Before the Court is a petition for a writ of habeas corpus filed by state prisoner Thomas J. Black (Black) pursuant to 28 U.S.C. § 2254. ECF No. 4. He is challenging the judgment of sentence imposed upon him on November 20, 2012, by the Court of Common Pleas of Erie County, Pennsylvania, at its criminal docket number CP-25-CR-001125-2012. Respondents argue that Black's petition is barred by the applicable statute of limitations. For the reasons that follow, the Petition will be dismissed as untimely.[1]

I.      Relevant Factual and Procedural Background[2]

      A.      State Court Proceedings

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. *See* ECF No. 15; ECF No. 17.

[2] The facts and procedural history were obtained from Black's habeas petition and the Court of Common Pleas criminal docket sheets for Petitioner's underlying conviction in *Commonwealth v. Black*, No. CP-25-CR-0001125 (Erie Cnty. Com. Pl.), available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-25-CR-0001125-2012&dnh=mNS9b8oLdDoJQjWh%2f5wEpQ%3d% (last visited April 24, 2019) [hereinafter "Crim. Docket"]. Detailed explication of the facts of his crime may also be found in the Opinion of the Superior Court of Pennsylvania filed September 20, 2018, which is attached to Black's Petition. *See* ECF No. 4-2; *see also Commonwealth v. Black*, 2018 WL 4499712 (Pa. Super. Ct. Sept. 20, 2018).

1

At the conclusion of trial in the Court of Common Pleas of Erie County, Pennsylvania, on September 18, 2012, a jury found Black guilty of attempted murder, aggravated assault, and related charges. ECF No. 4, 0. 1; *Commonwealth v. Black*, 2015 WL 7451202, *1 (Pa. Super. Ct. Mar. 9, 2015). On November 26, 2012, Black was sentenced to an aggregate term of 25 to 50 years' incarceration. *Id.* On December 6, 2012, Black filed a timely motion for reconsideration of his sentence, which was denied the next day, December 7, 2012. *See Commonwealth v. Black*, 2015 WL 7451202, *1 (Pa. Super. Ct. Mar. 9, 2015). He did not file a direct appeal with the Pennsylvania Superior Court. *Id.*

On January 6, 2014, Black filed a petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. C. S. A. § 9545, et seq. *See* ECF No. 4, p. 3; ECF No. 11-1, pp. 1-8. On March 26, 2014, the Court of Common Pleas for Erie County filed its Notice of Intent to Dismiss pursuant to Pa. R. Crim. P. 907. ECF No. 11-1, pp. 14-16. Black did not file a response to the court's Rule 907 notice and, on April 23, 2014, the PCRA court issued an order dismissing his petition. ECF No. 11-1, p. 17. The next day, April 24, 2014, Black appealed, pro se, to the Pennsylvania Superior Court. ECF No. 11-1, p. 18. The Superior Court vacated the PCRA Court's denial of relief. The Court concluded that Black's PCRA counsel had failed to properly withdraw from the case. *See Commonwealth v. Black*, 2015 WL 7451202, *2 (Pa. Super. Ct. Mar. 9, 2015). The case was remanded to the PCRA court and new counsel was appointed on May 8, 2015. *Id.*

Court-appointed counsel from the Erie County Public Defender's Office filed a supplemental PCRA petition on Black's behalf on June 22, 2015. The PCRA court dismissed the PCRA petition without providing notice under Rule 907 on June 24, 2015.[3] Black filed a notice of appeal to the Superior Court on July 16, 2015. That Court affirmed the dismissal of the PCRA

---

[3] The Superior Court noted this error. *See Commonwealth v. Feighery*, 661 A.2d 437 (Pa. Super. Ct. 1995). However, because Black did not object to this procedural error in his brief, the Superior Court determined that he had waived any challenge to this procedural error. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citation omitted).

2

petition on July 19, 2016. *See Commonwealth v. Black*, 2016 WL 2016 WL 5349318 (Pa. Super. Ct. July 19, 2016). The Pennsylvania Supreme Court denied Black permission to appeal on January 4, 2017. *See Commonwealth v. Black*, 164 A.3d 492 (Pa. 2017).[4]

On December 8, 2017, Black filed a second PCRA petition *pro se*. ECF No. 11-2, p. 53. The PCRA Court filed its Notice of Intent to Dismiss on March 26, 2018. *Id.* at p. 60. Prematurely, Black filed a Notice of Appeal with the Superior Court on April 16, 2018. The final order dismissing the Black's second PCRA was entered on April 30, 2018, and the PCRA court filed a memorandum on June 11, 2018. The Superior Court affirmed the dismissal of Black's second PCRA petition on September 20, 2018. *See Commonwealth v. Black*, 2018 WL 4499712 (Pa. Super. Ct. Sep. 20, 2018). Black did not seek permission from the Pennsylvania Supreme Court to appeal.

      B.      Federal Court Proceedings.

Black filed the instant petition for a writ of habeas corpus with this Court on November 29, 2018. ECF No. 4. On December 26, 2018, this Court entered an order directing the Office of the District Attorney of Erie County to enter an appearance and to file an answer to Black's petition. ECF No. 5. The District Attorney's office filed a Response to Black's petition on March 26, 2019. ECF No. 10; ECF No. 11. A copy of the state court record was filed on April 24, 2019. On April 29, 2019, Black filed a Reply to the Respondents' Response in Opposition. ECF No. 16. The Petition is ready for disposition.

III.     Petitioner's Claims

Black's Petition raises one ground for relief:

> Trial counsel was ineffective for not pursing discovery based upon the need of a witness's testimony under Rule 602 [Need for Personal Knowledge], Subsection [F], and Rule 573[A][1] and [D]; to obtain a lesser offense charged for sentencing purposes.

---

[4] The Respondents incorrectly list this date as January 30, 2017. *See* ECF No. 10, p. 3. That is the date the decision was recorded on the Court of Common Pleas docket, not the date of the Pennsylvania Supreme Court's ruling.

3

ECF No. 4-1, p. 1.

III.   The AEDPA Statute of Limitations Bars Black's Petition.

The Respondents argue that Black's petition is untimely and should be dismissed. *See* ECF No. 10, pp. 4-8.

    A.   AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must

4

determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *See Caldwell v. Mahally, et al.*, 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id.* Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.*

      B.      Ineffective Assistance of Counsel Claim

           1.      Trigger Date Calculation

Black's lone claim concerns matters that occurred at the time of trial (ineffective assistance of trial counsel). This claim does not implicate newly enunciated constitutional rights or facts that were discovered later. Furthermore, there were no state-created impediments that prevented Black from raising this claim sooner. Consequently, the "trigger date" for his claim is the date on which Black's judgment of sentence became final. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); *Williams v. Pennsylvania*, 2011 WL 780673, *1 n.1 (E.D. Pa. Mar. 4, 2011). The trial court denied Black's motion for modification of sentence on December 6, 2012. He did not file a direct appeal.

Thus, Black's judgment of sentence became final on January 7, 2013—one month after the trial court denied his motion for modification—and the one-year limitations period for filing a habeas corpus petition began to run on that date. *See* 28 U.S.C. § 2244(d)(1)(A); Pa. R. Crim. P. 720(A)(2)(a). This puts January 7, 2014, as the date by which Black had to file any federal habeas petition. Black's habeas petition was filed on November 29, 2018.[5] *See, e.g., Scales v. Atty. Gen. of*

---

[5] Pennsylvania and federal courts employ the prisoner mailbox rule. *See Perry v. Diguglielmo*, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's pro se petition is deemed filed when delivered to prison officials for mailing. *See*

*Penna.*, 2018 WL 3823779, *1 (W.D. Pa. Aug. 10, 2018) (discussing application of mailbox rule to inmate's habeas filing date). His petition was filed more than two and one-half years too late. Because Black sought federal habeas relief well outside the one-year limitations period, his petition is statutorily time-barred. Given this deficiency, the Court must determine whether he can take advantage of the statutory tolling provision set out in Section 2244(d)(2).

2.  Statutory Tolling – First PCRA Petition

Although Black is entitled to some statutory tolling, his habeas petition is still untimely. Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. Black filed his first PCRA petition on January 6, 2014, by which time 333 days of his one-year limitations period had expired (February 7, 2013 through January 6, 2014). Those proceedings were "properly filed," and, thus, tolled the statute of limitations until they were concluded on January 4, 2017, when the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal. The statute of limitations started to run again the following day (January 5, 2017), and, at that point in time, Black only had 32 days (365 days - 333 days = 32 days) remaining to file a timely habeas petition, or until Friday, February 6, 2017. As previously noted, he did not file his habeas petition until almost two years after the statute of limitations expired. Thus, even accounting for statutory tolling, his petition is patently untimely.

---

*Burns*, 134 F.3d at 113; *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox). Here, Black did not certify the date on which the petition was placed in the prison mailing system. ECF No. 4, at p. 15. However, the petition was received on November 29, 2012, and will therefore be treated as having been filed on that date. Rule 2(c) of the Rules Governing 2254 Cases requires the petition must be "signed under penalty of perjury or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases, Rule 2(c)(5); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf."). Petitioner filed his habeas petition without a signature. ECF No. 4 at p. 15. Because the petition remains unsigned and unverified as required by Section 2242 and the Rules Governing 2254 Habeas Cases, it also may be properly dismissed as in any other case of failure to prosecute. *See, e.g., Cox v. McBride*, 279 F.3d 493 (7th Cir. 2002).

6

3.     Equitable Tolling – First PCRA Petition

Next, the Court must consider whether AEDPA's statute of limitations should be equitably tolled, thereby rendering Black's petition timely filed. *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). The Supreme Court has held that the habeas time bar is not jurisdictional, but instead subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). But AEDPA's one-year limitations period may be equitably tolled only in extraordinary situations. *Id.* at 649-50. *See also Severs v. Atty. Gen. of New Jersey*, 2019 WL 5704591, at *2 (3d Cir. Nov. 9, 2019) (citing *Holland*). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). To receive the benefit of equitable tolling, however, Black must show that he (1) pursued his rights diligently, and (2) that extraordinary circumstances prevented him from filing a timely petition. *Id.* at 649.

Black has shown neither and is, therefore, not entitled to equitable tolling. First, he has failed to show that he pursued his rights diligently. *See Lawrence v. Florida*, 549 U.S. 327, 335 (2007). The diligence required of a prisoner in pursuing the timely filing of his habeas petition is "reasonable diligence" not maximum diligence. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland*, 560 U.S. at 653). The reasonable diligence test is subjective, taken in light of the petitioner's circumstances. *Id.* at 800 (citations omitted). Black bears a "strong burden to show specific facts" supporting equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). "[L]ack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)).

Here, Black fails to provide an explanation for the delay of over three hundred days from the final judgment and sentence in his case, his failure to file a direct appeal, and the very lengthy delay

7

in filing his habeas petition. He does not contend that he "was prevented from managing his affairs or understanding his appeal rights." *United States v. Johnson*, 743 Fed. Appx 153, 159 (3d Cir. 2018) (*cert. denied* 139 S. Ct. 471 (2018)). He offers no specificity as to any alleged lack of access to courts and fails to expound on any steps he took to diligently pursue his federal claims.

Neither has Black established that extraordinary circumstances prevented him from filing. Therefore, equitable tolling cannot excuse the untimeliness of his petition and allow this Court to consider the merits of these two claims. *See, e.g., McGowan v. Ransom, et al.*, 2019 WL 5580993, at *6 (E.D. Pa. Oct. 4, 2019).

4. Equitable Tolling – Second PCRA Petition

To the extent Black argues that he is entitled to statutory tolling for the time his second PCRA petition was pending in the state courts, he is incorrect. Black did file a second PCRA petition on December 8, 2017. *See* ECF 11-2, pp. 1-7. But because that second petition was filed after the time for filing his habeas petition (February 7, 2017) had expired, the pendency of his second PCRA proceedings cannot be used to statutorily toll Black's time for filing his habeas petition. *See McWhorter v. McGinley*, 2019 WL 3848873, *4 (E.D. Pa. July 26, 2019) (citing *Morris v. Mazurkiewcz*, 2011 WL 2708498, *3 (E.D. Pa. June 8, 2011) (holding that where the AEDPA statute of limitations had already ran, a subsequent PCRA Petition does not "toll an already expired statute of limitations.").[6]

---

[6] Black may be seeking to have the statute of limitations commence pursuant to § 2244(d)(1)(D) because of new evidence purporting to show that "it was the victim's fault for pulling a gun on Petitioner, who grabbed it in self-defense just before it discharged." ECF No. 4-1, p. 1. He points to an affidavit of a witness, Demarsje Henderson, who stated that Black shot the victim in self-defense. ECF No. 4-2, p. 5. Assuming without deciding that Henderson's affidavit is "new evidence" under the statute, Black's petition is still untimely. The affidavit is dated November 3, 2017. Since Black provides no date for when he obtained this evidence, the Court assumes he received it on that day. Therefore, his habeas petition would have needed to be filed within a year—on or before November 3, 2018. Black did not file his petition until November 29, 2018. Thus, it remains untimely,

IV.     Conclusion

For the foregoing reasons, the instant petition is dismissed because it is time-barred. Black did not file the § 2254 petition within the one-year AEDPA statute of limitations and no tolling or other exception applies to his petition. The petition will be dismissed, with prejudice.

V.      Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Black's claim should be dismissed because it is time-barred, lacks merit, or is procedurally defaulted. Accordingly, the Court will not issue a certificate of appealability on Black's sole ground for relief.

An appropriate Order follows.

**ORDER**

AND NOW, this 4th day of May, 2020, for the reasons set forth in the Memorandum filed contemporaneously herewith, IT IS HEREBY ORDERED that Petitioner Thomas J. Black's claim for federal habeas corpus relief is DISMISSED with prejudice and a certificate of appealability is DENIED as to the claim. The Clerk of Court is directed to mark this case CLOSED as of this date.

_____
RICHARD A. LANZILLO
United States Magistrate Judge