IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. BLACK, | |
| Petitioner | Case No. 1:18-cv-00322 (Erie) |
| vs. | |
| | RICHARD A. LANZILLO |
| M. D. OVERMYER, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA DISTRICT ATTORNEY OF ERIE COUNTY, PA, | UNITED STATES MAGISTRATE JUDGE |
| | ORDER ON MOTIO FOR RECONSIDERATION |
| Respondents | ECF NO. 19 |

Before the Court is Petitioner Thomas J. Black's motion for reconsideration of this Court's May 4, 2020, Memorandum and Order dismissing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court will deny Black's motion.

I.   Background

On November 29, 2018, Black filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences for attempted murder, aggravated assault, and related charges in the Court of Common Pleas for Erie County. ECF No. 4, 0. 1; *Commonwealth v. Black*, 2015 WL 7451202, *1 (Pa. Super. Ct. Mar. 9, 2015). Black's Petition raises one ground for relief: "Trial counsel was ineffective for not pursing discovery based upon the need of a witness's testimony under Rule 602 [Need for Personal Knowledge], Subsection [F], and Rule 573[A][1] and [D]; to obtain a lesser offense charged for sentencing purposes." ECF No. 4-1, p. 1. Respondents filed a response to the § 2254 Petition on March 26, 2020. ECF No. 10, ECF No. 11. Black filed a traverse. ECF No. 16.

1

By Memorandum and Order entered on May 4, 2020, this Court dismissed Black's § 2254 Petition. ECF No. 18. The Court determined that Black was not entitled to relief on his sole ground for relief because it was untimely. Id. at p. 4. This matter was closed on that same day.

II.   Legal standard

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); *see also Baker v. Astrue*, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

III.    Discussion

Black's motion fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. Rather, he seems to reiterate his argument that his petition was timely because the statute of limitations should have run from the time "date the witness's affidavit was obtained." ECF No. 19, p. 2. But the Court already considered that argument:

> The affidavit is dated November 3, 2017. Since Black provides no date for when he obtained this evidence, the Court assumes he received it on that day. Therefore, his habeas petition would have needed to be filed within a year—on or before November 3, 2018. Black did not file his petition until November 29, 2018. Thus, it remains untimely.

ECF No. 18, p. 8 n.6. A further review of the record reveals that Black stated he received the Henderson affidavit "on or about November 3, 2017." ECF No. 11-2, p. 2, ¶ 8. Thus, the Court calculated the timeliness of his petition from the date he obtained the affidavit. Because he does not state or otherwise indicate that he received this affidavit on a different date, his motion for reconsideration is not well founded.

Accordingly, for the foregoing reasons, Black's motion will be denied.

IV.    CONCLUSION

For the reasons set forth above, Black's motion for reconsideration (ECF No. 19), will be denied. An appropriate Order follows.

ORDER

The Petitioner's motion for reconsideration (ECF No. 19) is hereby DENIED. Ordered and entered this 10th day of July, 2020.

_____
RICHARD A. LANZILLO
United States Magistrate Judge